IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GRASSO ENTERPRISES, LLC, <br> d/b/a/ ANNIE'S APOTHECARY, et al. <br> <br> Plaintiffs, <br> <br> vs. <br> <br> EXPRESS SCRIPTS, INC., <br> <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 4:14CV1932  HEA <br> ) <br> ) <br> ) <br> ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction, [Doc. No. 22].  On January 30, 2015, the Court held a hearing on this matter, at which both parties were represented by counsel. Arguments were presented at that time. For the reasons set forth below, Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction is denied.

### Facts and Background

Plaintiffs Grasso Enterprises, LLC d/b/a Annie's Apothecary, NERxD, LLC, d/b/a Cypress Compounding Pharmacy, and Wiley's Pharmacy and Compounding Services, Inc., d/b/a Mason's Pharmacy (the "Pharmacies") are pharmacies in Texas and Louisiana who prepare and sell customized

pharmaceutical.  Defendant Express Scripts, Inc. ("Express Scripts") is a pharmacy benefit manager.

The Pharmacies have contracts with Express Scripts that identify the terms under which Express Scripts will pay the Pharmacies for prescription drug claims. Express Scripts also has contracts with its clients, the sponsors of health plans. Express Scripts contracts with sponsors to allow health plan participants and beneficiaries ("plan members") to have prescriptions filled by the pharmacies who contract with Express Scripts. Pursuant to the Express Scripts-plan sponsors' contracts, sponsors communicate plan design instructions to Express Scripts.

Plan sponsors determine what prescription medications are covered by the terms of the plans, and they also determine what prescription medications are excluded.  No plan sponsors or health plans are defendants in this case. As acknowledged by the Pharmacies during oral argument, no plan members are plaintiffs in this case.

In June 2014, the Pharmacies allege that they began to receive rejection codes from Express Scripts for compound medication ingredients that they allege had previously been paid. The Pharmacies filed the present lawsuit against Express Scripts on November 18, 2014. Express Scripts was served with the Complaint on December 11, 2014. The Pharmacies filed an Amended Complaint

on January 8, 2015.  They filed their present Motion for Temporary Restraining Order and Preliminary Injunction on January 20, 2015.

The Amended Complaint purports to assert three causes of action:

i. a claim for benefits under ERISA § 502(a)(1), 29 U.S.C. § 1132(a)(1);

ii. a claim for injunctive relief under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and

iii. a claim under the Patient Protection and Affordable Care Act (PPACA), 42 U.S.C. § 300gg-6, 45 C.F.R. § 156.122.

In asserting their claims, the Pharmacies do not identify any terms of any ERISA plan that cover the compound medications they seek to dispense. Instead, the Pharmacies contend that the terms of the health plans are "irrelevant."

The Pharmacies' Motion for Temporary Restraining Order and Preliminary Injunction reference defamation and unlawful amendment of ERISA plans. The Amended Complaint does not assert a claim for either and thus they will not be considered.

The Pharmacies request the Court to issue an injunction that orders Express Scripts:

i. To provide adverse benefit determinations that the Pharmacies

allege would be compliant with 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1 (the "ERISA Claims Regulation");

    ii. To approve claims for benefits unless Express Scripts complies with what the Pharmacies allege to be the requirements of the ERISA Claims Regulation; and

    iii. To provide a procedure to permit the Pharmacies' customers to request and gain access to clinically appropriate drugs that are not covered by their group health plans.

The Pharmacies' requested injunctive relief seeks a change to the status quo. The Pharmacies ask that the Court order Express Scripts to provide certain notifications and appeal procedures. They do not allege that Express Scripts provided these procedures before and stopped doing so, such that the Pharmacies seek a return to the status quo ante. Rather, the Pharmacies are asking for an order requiring Express Scripts to perform procedures that the Pharmacies contend Express Scripts has *never* provided.

The preliminary injunctive relief sought by the Pharmacies is the same ultimate relief that they seek in the Amended Complaint.

## Discussion

The Court has jurisdiction to resolve these issues under 28 U.S.C. § 1331 in that the Pharmacies' claims were brought under ERISA and the

PPACA. "Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant, (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant, (3) the probability that movant will succeed on the merits, and (4) the public interest." *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). The same factors govern a request for a temporary restraining order. *Roberts v. Davis*, 2011 WL 6217937, at *1 (E.D. Mo. Dec. 14, 2011). "No one factor is dispositive of a request for injunction; the Court considers all the factors and decides whether 'on balance, they weigh towards granting the injunction.'" *Braun v. Earls*, 2012 WL 4058073, at *1 (E.D. Mo. Sept. 14, 2012) (quoting *Baker Elec. Co-Op, Inc. v. Chaske*, 28 F.3d 1466, 1472 (8th Cir. 1994)).

In seeking a mandatory injunction that disrupts the status quo, the Pharmacies "must demonstrate not only that the four requirements for a preliminary injunction are met but also that they weigh heavily and compellingly in their favor." *Blankenship v. Chamberlain*, 2008 WL 4862717, at *2 (E.D. Mo. Nov. 7, 2008) (quoting *Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir. 2001)).

The Pharmacies seek the same, ultimate relief that they request in their Amended Complaint. Their requested injunction is not limited by time, nor is

it narrower in any respect than their ultimate relief sought. "The purpose of a preliminary injunction is not to give the plaintiff the ultimate relief it seeks. It is . . . to keep the parties, while the suit goes on, as far as possible in the respective positions they occupied when the suit began." *WarnerVision Entm't Inc. v. Empire of Carolina, Inc.*, 101 F.3d 259, 261-62 (2d Cir. 1996).

The Pharmacies seek an injunction that orders Express Scripts to provide certain notifications in the hope that it leads to coverage for the compound drugs the Pharmacies market. This is not temporary relief, and it is not relief that can be undone. See *Sanborn Mfg. Co. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 490 (8th Cir. 1993) (affirming the denial of a request for preliminary injunction as seeking improper injunctive relief, because "affirmative action such as sending a notice to all of its customers . . . before that issue has been decided on the merits goes beyond the purpose of a *preliminary* injunction"). Therefore, the Pharmacies' requested injunctive relief is inappropriate at this stage, and denial is warranted for this reason alone.

The Pharmacies' delay in seeking a temporary restraining order and a preliminary injunction is another ground, on its own, that supports denial of their requests. They contend that they began to experience rejection of compound medication claims in June 2014. However, the Pharmacies did not file a lawsuit until November 18, 2014; they waited over three weeks to serve Express Scripts

with the lawsuit; and they delayed two months after filing their lawsuit to bring the present request for emergency relief. This delay – over six months from when they allege the harm began – in and of itself requires denial of their request for preliminary injunctive relief. *Crow Creek Sioux Tribal Farms v. U.S. I.R.S.*, 684 F. Supp. 2d 1152, 1158 (D.S.D. 2010).

***Irreparable Harm***

The Pharmacies allege irreparable harm in that they are losing profits that they believe they cannot recover if they prevail in an ERISA action. The Pharmacies have not established the existence of irreparable harm in a number of respects.

Initially, the Pharmacies do not have standing under ERISA to assert harm to themselves. ERISA permits claims under § 502(a)(1) and § 502(a)(3) to be brought by an ERISA "participant" or "beneficiary." The Pharmacies, who are healthcare providers, are neither. *Pascock Valley Hosp. v. Local 464A*, 388 F.3d 393, 400 (3d Cir. 2004); *Dallas Cnty. Hosp. Dist. v. Assocs.' Health & Welfare Plan*, 293 F.3d 282, 289 (5th Cir. 2002). Therefore, any harm to the Pharmacies is not considered in the Court's irreparable harm analysis.

Secondly, even if the Pharmacies did have ERISA standing, they have not presented sufficient evidence of damages. Instead, the Pharmacies presented

evidence that they are losing sales, and that "it appears" that the denial of compound claims is the reason.  At no point have the Pharmacies presented any concrete evidence of harm warranting injunctive relief. Where "[t]he possible harm identified is wholly speculative . . . it cannot be called irreparable harm." *Local Union No. 884 v. Bridgestone/Firestone, Inc.*, 61 F.3d 1347, 1355 (8th Cir. 1995).

Thirdly, the Pharmacies' alleged harm is not irreparable, as there are other causes of action under which lost profits damages are a potential form of relief. *Alternative Med. & Pharmacy, Inc. v. Express Scripts, Inc.*, 2014 WL 4988199, at *7 (E.D. Mo. Oct. 7, 2014) ("[T]he harm is purely economic and therefore not irreparable."). Moreover, the Pharmacies at times contend that they would be able to recover monetary relief under ERISA.

Finally, the relief that the Pharmacies seek – compliance with the ERISA Claims Regulation – is not likely to prevent their alleged loss of profits. Even if Express Scripts is ordered to provide the notifications the Pharmacies demand, the Pharmacies will only be able to dispense compound medications and earn profits if the medications are covered by the terms of the health plans. The Pharmacies' purported harm comes from the denial of the claim, not from the method of denial. Because their requested injunctive relief will not address their claimed harm, the Court finds injunctive relief to be inappropriate.

In the irreparable harm analysis, only harm to the plaintiffs is considered. The Pharmacies' customers are not parties before their Court, so any harm to them is not considered within this factor. Regardless, there is no evidence before the Court that any customer has suffered harm. None of the Pharmacies' customers have provided the Court with an affidavit attesting to their inability to locate an alternative to a compound medication that has been denied. The only affidavit presented by any plan member is from K. J.-F., (who is not a plaintiff and not a customer of any of the Plaintiff pharmacies). And she attested that she did have an alternative to the compound medication that she had previously received.

ERISA has specifically defined procedures for members to challenge the denial of a claim. The Pharmacies' customers have all of these procedures available to them. They can request plan documents and pursue administrative remedies. Lacking any evidence of irreparable harm, this factor weighs against granting the Pharmacies' requested preliminary relief.

*Likelihood of Success*

The Court also finds that the Pharmacies are unlikely to succeed on the merits of their claims, which weighs against the award of injunctive relief. The Pharmacies do not have standing to assert a claim for violation of ERISA's Claims Regulation. They do not have *independent* standing to assert a claim under ERISA. Although they have pled that they received assignments from three unnamed

customers of their right to receive repayment for benefits, the Pharmacies do not cite to any authority that such an assignment also encompasses the broad, prospective relief the Pharmacies seek, *i.e.*, the right to receive and control *all* notifications to which its customers are entitled in perpetuity. The Pharmacies certainly have not established that they have standing to request injunctive relief on behalf of *all* of their customers. Absent standing to assert a claim on behalf of themselves or others, the Pharmacies are unlikely to state a claim under ERISA.

The Pharmacies argue that their assignment forms provide them with standing to assert a claim for payment of benefits under ERISA § 502(a)(1) on behalf of the three unnamed customers. However, that claim requires, at minimum, proof that the benefits sought are covered under the terms of ERISA plans. *Midwest Special Surgery, P.C. v. Anthem Ins. Cos.,* 2010 WL 716105, at *2 (E.D. Mo. Feb. 24, 2010). The Pharmacies have presented no evidence that the compound medications they dispense are covered by the terms of any plan. Moreover, the Pharmacies admit that they "haven't pled a claim for benefits. The Court agrees, and the Pharmacies are unlikely to prevail on any ERISA claim for benefits.

Just as the Pharmacies are not proper Plaintiffs in this action, Express Scripts is not a proper defendant. ERISA's Claims Regulations impose obligations on an "employee benefit plan" and a "Plan Administrator." 29 U.S.C. § 1133.

Express Scripts is neither, and the Pharmacies have not provided the Court with any authority that suggests that a pharmacy benefit manager is required to provide ERISA-compliant notifications to a plan participant or to a participant's pharmacy. Therefore, the Pharmacies are unlikely to succeed on their claim that Express Scripts is required to provide the notifications required by ERISA's Claims Regulations.

Finally, the Pharmacies are unlikely to succeed on their PPACA claim. The premise of the Pharmacies' claim is that Express Scripts is required to provide a procedure whereby patients can request coverage for certain "essential health benefits." The PPACA's provisions relating to "essential health benefits" pertain only to "health insurance issuers" who offer insurance coverage in the "individual or small group market." 42 U.S.C. § 300gg-6. The Pharmacies admit that Express Scripts is not a health insurance issuer. Further, the Pharmacies have provided no authority for the proposition that the group health plans of large employers like ConocoPhillips, the University of Texas, and Louisiana State University – the only group health plans alleged in the Amended Complaint – are in the individual or small group market. *Florida ex rel. Attorney Gen. v. U.S. Dep't of Health & Human Servs.,* 648 F.3d 1235, 1250 (11th Cir. 2011) ("The Act does not impose the essential health benefits package on plans offered by large group employers to

their employees."). Thus, the Pharmacies are unlikely to succeed on their PPACA claim as well as their ERISA claims.

*Public Interest*

The public interest favors compliance with ERISA's carefully created structure and delegation of duties. *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 251 (1993) ("ERISA is . . . a comprehensive and reticulated statute, the product of a decade of congressional study of the Nation's private employee benefit system."); *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 147 (1985) (declining to "tamper" with ERISA due to the "evident care" taken in crafting its provisions).

*Balance of Harms*

Because the Pharmacies seek the ultimate relief they demand in the Amended Complaint, Express Scripts will be harmed by the loss of their right to trial. The Pharmacies are unlikely to have any of their alleged harm prevented by the grant of their requested injunctive relief, because the provision of notice does not result in the approval of claims and accompanying acquisition of profits. Therefore, this factor also weighs in favor of denial.

## Conclusion

The Court has considered the entire record and the arguments presented at the hearing on this matter. Based upon the foregoing consideration of all of the

*Dataphase* factors, the Pharmacies' delay in bringing this request, and their demand for mandatory and ultimate relief, the Pharmacies are not entitled to a temporary restraining order or a preliminary injunction.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for a Temporary Restraining Order, [Doc. No. 22], is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for a Preliminary Injunction, [Doc. No. 22], is **DENIED**.

Dated this 4th day of March, 2015.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE